Philomena and John Tyrrell v. Commissioner.
Tyrrell v. Commissioner
Docket No. 7085-70 SC.
United States Tax Court
T.C. Memo 1972-33; 1972 Tax Ct. Memo LEXIS 222; 31 T.C.M. (CCH) 127; T.C.M. (RIA) 72033; February 14, 1972, Filed. John Tyrrell, pro se, 2860 Bailey Ave., Bronx, N. Y. Ronald Wagenheim, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $89.36. Concessions having been made, the only issue for decision is whether expenses incurred by petitioner-husband in purchasing meals while he was working overtime are deductible under section 162. [1]
*223 Findings of Fact The petitioners, Philomena and John Tyrrell, were legal residents of New York, New York, at the time the petition was filed. They filed a joint income tax return for the year 1967 with the Internal Revenye Service Center at New York, New York. John Tyrrell (hereinafter referred to as the petitioner) was employed as a lithographer in 1967 and prior thereto. His normal working hours were from 8:00 a.m. to 3:30 p.m., and he usually traveled to and from work by subway. On certain occasions during 1967, the petitioner worked overtime at his place of employment. On thsec occasions, he either had his evening 128 meals at restaurants or brought to him at work from restaurants. On his tax return for 1967, the petitioner deducted $300 from gross income as the estimated cost of meals he purchased when he worked overtime. The respondent disallowed the deduction. Petitioner had made a similar claim in 1965 which the respondent had allowed. Opinion Ordinarily, meals are nondeductible under section 262 as "personal, living, and family expenses". . However, they may be deductible as traveling expenses under section 162(a)(2) *224 [2] if the petitioner can prove that the meals were eaten while he was traveling away from home in pursuance of a trade or business. Under the holding in , a taxpayer is not "away from home" within the meaning of section 162(a)(2) unless he is on a trip that requires sleep or rest. Here, the record is devoid of any facts which would allow us to hold that he was "away from home" when he purchased the meals. He generally returned home after working overtime and was not on a trip requiring sleep or rest. The petitioner did testify that he elected to sleep at the plant overnight on approximately 10 occasions, but he further stated that this was a matter of personal choice and was not a requirement of his employer. In view of the above, we are compelled to hold that the petitioner's meal expenses were nondeductible because he was not "away from home". See also . *225 Petitioner argues strongly that he should be allowed to claim the deduction because he claimed a similar deduction on his 1965 income tax return which was allowed by the Internal Revenue Service. He apparently believes the respondent should be estopped from taking a different position in 1967. However much we may sympathize with the petitioner, it is well settled that the allowance of the deduction in 1965 does not estop the respondent from disallowing a similar deduction in 1967. (C.A. 7, 1966), affirming a Memorandum Opinion of this Court; (C.A. 8, 1944), affirming . Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *↩